# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ANTHONY CROSS,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:14-cv-00434-RCJ-VPC

**ORDER**

Before the court is petitioner's motion to voluntarily dismiss ground six (#13). Respondents do not oppose the motion, and the court grants petitioner's motion.

Also before the court are respondents' motion to partially dismiss (#18), petitioner's opposition (#25), and respondents' reply (#28). For the reasons stated below, the court grants the motion in part.

This action arises out of prison disciplinary proceedings. The petition for a writ of habeas corpus (#4) originally contained seven grounds for relief. The court dismissed grounds 4, 5, and 7 on screening the petition. Order (#3). Petitioner has dismissed ground 6 voluntarily. Grounds 1, 2, and 3, remain.

Respondents originally argued that ground 1 was unexhausted, but they have withdrawn that argument in their reply.

The text of ground 2 contains two claims. First, petitioner claims that the disciplinary hearing officer did not determine the reliability, trustworthiness, and integrity of the person who offered evidence against petitioner. Respondents argue correctly that the Due Process Clause of the

1   Fourteenth Amendment does not require such findings in a prison disciplinary proceeding.

2   <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56.  Petitioner argues that he also is claiming in ground 2

3   that the hearing officer did not meet the state evidentiary standards of Administrative Regulation

4   707, which in turn would be a violation of due process.  There are no such allegations in ground 2,

5   and so the court will not address this argument.

6        Second in ground 2, petitioner alleges that he and another inmate were charged and found

7   guilty of the same disciplinary violations based upon the same facts.  The other inmate's

8   administrative appeal was upheld, and his disciplinary sanctions were reversed.  Petitioner was

9   unable to file an appeal.  Respondents construe this as a claim that the Equal Protection Clause of

10   the Fourteenth Amendment was violated, and the court agrees.  Petitioner did not present either

11   these facts or the legal theory to the state courts in his state habeas corpus petition.  <u>See</u> Ex. 4 (#20).

12   This part of ground 2 is not exhausted, and the court may not consider it now.  28 U.S.C. § 2254(b).

13        The petition (#4) is mixed, containing both claims exhausted in state court and claims not

14   exhausted in state court, and it is subject to dismissal.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22

15   (1982); <u>Szeto v. Rushen</u>, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily dismiss

16   the unexhausted equal-protection claim in ground 2 and proceed with the remaining grounds, he

17   may voluntarily dismiss this action without prejudice while he returns to state court to exhaust the

18   equal-protection claim in ground 2, or he may move to stay this action while he returns to state court

19   to exhaust the equal-protection claim in ground 2.  If petitioner chooses the second option, the court

20   makes no assurances about any possible state-law procedural bars or the timeliness of a

21   subsequently filed federal habeas corpus petition.  If petitioner chooses the last option, he must

22   show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially

23   meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation

24   tactics."  <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005).  If petitioner chooses the last option, he also

25   will need to designate an alternative choice in case the court declines to stay the action.  Otherwise,

26   the court will dismiss the action.

27        Petitioner has filed a motion for order directing respondents to produce recording of

28   disciplinary hearing (#14), and respondents have submitted a response (#15).  The motion is moot

1  because petitioner first needs to determine what to do with the unexhausted part of ground 2.

2  Additionally, respondents indicate that they will provide the court with a copy of the recording, and

3  the court accepts respondents' representation.

4  Petitioner has filed a motion requesting leave of the court to conduct discovery and an

5  evidentiary hearing (#31), respondents have filed an opposition (#32), and petitioner has filed a

6  reply (#33).  The court denies this motion.  First, petitioner must decide what to do with the

7  unexhausted part of ground 2.  Second, at this stage of the proceedings the court does not have

8  enough information to determine whether an evidentiary hearing is necessary or permitted.  Third, in

9  the reply petitioner argues that this discovery is necessary to prove that the hearing officer did not

10 comply with Administrative Regulation 707.  As the court has noted above, there is no such claim in

11 the petition (#4).

12 IT IS THEREFORE ORDERED that petitioner's petitioner's motion to voluntarily dismiss

13 ground six (#13) is **GRANTED**.  Ground 6 is **DISMISSED** from this action.

14 IT IS FURTHER ORDERED that respondents' motion to dismiss (#18) is **GRANTED** in

15 part with respect to ground 2.  The due-process claim in ground 2 is **DISMISSED**.  The equal-

16 protection claim in ground 2 is unexhausted.

17 IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

18 of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes

19 to dismiss the equal-protection claim in ground 2 of his petition (#4), and proceed only on the

20 remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss

21 this action to return to state court to exhaust his state remedies with respect to the equal-protection

22 claim in ground 2 of his petition (#4), or (3) move to stay this action while he returns to state court

23 to exhaust his state remedies with respect to the equal-protection claim in ground 2 of his petition

24 (#4).  Failure to comply will result in the dismissal of this action.

25 IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned part of

26 ground 2 of his petition (#4) and proceed on the remaining grounds, respondents shall file and serve

27 an answer or other response to the remaining grounds within forty-five (45) days after petitioner

28

serves his declaration dismissing those grounds.  If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

IT IS FURTHER ORDERED that petitioner's motion for order directing respondents to produce recording of disciplinary hearing (#14) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion requesting leave of the court to conduct discovery and an evidentiary hearing (#31) is **DENIED**.

Dated:  September 24, 2015.

ROBERT C. JONES
United States District Judge

-4-