# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY CROSS,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:14-cv-00434-RCJ-VPC

**ORDER**

    Before the court are the petition for a writ of habeas corpus (ECF No. 4), respondents' answer (ECF No. 41), and petitioner's reply (ECF No. 44). The court finds that petitioner is not entitled to relief, and the court denies the petition.

    In prison disciplinary proceedings, petitioner was found guilty of assault and battery. Ex. 3 (ECF No. 20-3). Petitioner then filed a habeas corpus petition in the state district court. Ex. 4 (ECF No. 20-4). The state district court denied the petition. Ex. 12 (ECF No. 20-12). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 14 (ECF No. 20-14).

    Petitioner then commenced this action. The petition (ECF No. 4) originally contained seven grounds for relief. The court dismissed grounds 4, 5, and 7 upon screening because they clearly were without merit. ECF No. 3. Reasonable jurists would not find the court's determination to be debatable or wrong, and the court will not issue a certificate of appealability for grounds 4, 5, and 7.

    Petitioner then filed a motion to dismiss ground 6 (ECF No. 13). After he reviewed the recording of the prison disciplinary proceedings, he concluded that this ground had no merit. The court granted this motion. ECF No. 36.

1      Respondents also filed a motion to dismiss (ECF No. 18). At first, they argued that petitioner had not exhausted his state-court remedies for grounds 1 and 2. They later admitted that ground 1 was exhausted. The court found that part of ground 2 lacked merit on its face and that the remaining part of ground 2, a claim of a violation of equal protection, was not exhausted. ECF No. 36. Petitioner filed a motion for reconsideration (ECF No. 37). Based upon that motion, the court realized that the unexhausted part of ground 2 actually was a claim of an error in the state habeas corpus proceedings, which is not addressable in federal habeas corpus. The court dismissed ground 2 in its entirety. ECF No. 40. Reasonable jurists would not find the court's determination to be debatable or wrong, and the court will not issue a certificate of appealability for ground 2.

     Grounds 1 and 3 remain.

     Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

In ground 1, petitioner alleges that he was denied due process because the hearing officer would not allow petitioner to call witnesses. The witnesses in question were the investigating officer who wrote the notice of charges, a correctional officer and a senior correctional officer who responded to calls that an inmate had been attacked, and the victim. Petitioner wanted to confront the victim, and he wanted to examine the prison officers about who told them about the attack on the victim and how they investigated the matter. The hearing officer denied the request for the investigator's testimony because all the information that the investigator had was in the notice of charges. The hearing officer denied the request for the correctional officers' testimony because they did not witness the attack on the inmate; they only responded when told about the attack. The hearing officer denied the request for the victim's testimony because of the possibility of pressure on the victim. Ex. 16 (ECF No. 43).[1]

> Confrontation and cross-examination present greater hazards to institutional interests. If confrontation and cross-examination of those furnishing evidence against the inmate were to be allowed as a matter of course, as in criminal trials, there would be considerable potential for havoc inside the prison walls. Proceedings would inevitably be longer and tend to unmanageability. These procedures are essential in criminal trials where the accused, if found guilty, may be subjected to the most serious deprivations, . . . or where a person may lose his job in society, . . . . But they are not rights universally applicable to all hearings. . . .

---

[1] This exhibit is a compact disc filed manually with the court.

> Rules of procedure may be shaped by consideration of the risks of error, . . . and should also be shaped by the consequences which will follow their adoption. Although some States do seem to allow cross-examination in disciplinary hearings, we are not apprised of the conditions under which the procedure may be curtailed; and it does not appear that confrontation and cross-examination are generally required in this context. We think that the Constitution should not be read to impose the procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination.

Wolff v. McDonnell, 418 U.S. 539, 567-68 (1974) (footnotes and citations omitted). See also Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976). The Nevada Supreme Court summarily held, "Confrontation and cross-examination in prison disciplinary proceedings are not required because these procedures present 'greater hazards to institutional interests.'" Ex. 14, at 2 (quoting Wolff, 418 U.S. at 567) (ECF No. 20-14, at 3). Given that the Supreme Court of the United States has not clearly established that petitioner has a right to confrontation and cross-examination in prison disciplinary proceedings, the Nevada Supreme Court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law. Carey v. Musladin, 549 U.S. 70, 77 (2006). Ground 1 is without merit.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 1.

In ground 3, petitioner alleges that the evidence at the disciplinary hearing was insufficient to find him guilty. On this issue, the Nevada Supreme Court held, "Further, some evidence supports the decision by the prison disciplinary hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and therefore, appellant failed to demonstrate that he was entitled to relief." Ex. 14, at 2 (ECF No. 20-14, at 3). The court has reviewed the recording of the disciplinary hearing and the documents in support of the disciplinary charges, which were filed under seal. The Nevada Supreme Court applied Hill reasonably. Ground 3 is without merit.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 3.

Petitioner has filed a motion for leave to file supplemental points and authorities (ECF No. 47), and respondents have filed a response (ECF No. 48). The court denies petitioner's motion for the reasons stated in respondents' response.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (ECF No. 4) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: October 9, 2017.

_____
ROBERT C. JONES
United States District Judge